(2022-121)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER AARON THORNTON | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-cv-00074 |
| | § | |
| LONNIE ROBERT MCCONNELL AND | § | |
| DAVE KUKER TRUCKING LLC | § | JURY DEMANDED |

## DEFENDANTS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME LONNIE ROBERT MCCONNELL and DAVE KUKER TRUCKING, LLC

("Defendants"), Defendants in the above-referenced civil action, and hereby file this First Amended

Answer. Defendants would respectfully show the Court as follows:

## I.
## SPECIFIC ADMISSIONS & DENIALS

**I.    Discovery Level**

1.      Defendants deny all allegations/statements in Paragraph 1. Defendants deny the

applicability of the Texas Rules of Civil Procedure to this matter.

**II.    Parties**

2.      In reference to Paragraph 2, Defendants admit that Plaintiff is a resident of Tarrant

County, Texas.

3.      Defendants deny the allegations in Paragraph 3. Defendant Lonnie Robert McConnell

is an individual who resides at 2008 Ridgeway Rd. Blackwell, OK 74361-3619. Defendant

McConnell is a citizen of the State of Oklahoma. Defendant McConnell has entered an appearance

in this case and, therefore, does not need to be served with process.

4.      Defendants deny the allegations in Paragraph 4.  Defendant  Dave Kuker Trucking, LLC  is a single-member LLC.  The one member of the LLC is  David J. Kuker.  David J. Kuker's current physical address is 15600 Furman Rd., Spirit Lake, Iowa 51360.   Defendant Dave Kuker Trucking, LLC is, therefore, a citizen of the State of Iowa.  Defendant Dave Kuker Trucking, LLC has entered an appearance in this case and, therefore, does not need to be served with process.

### III.    Misnomer/Alter Ego

5.      Defendants cannot admit or deny the statements in Paragraph 5.  Nevertheless, Defendants believe the Parties have been properly named.

### IV.    Jurisdiction

6.      Defendants deny the allegations contained in Paragraph 6.  The present matter has been properly removed.

### V.    Venue

7.      Defendants deny the allegations contained in Paragraph 7.  The present matter has been properly removed.

### VI.    Facts

8.      Defendants deny the allegations contained in Paragraph 8.  Defendants deny liability as to Plaintiff.

### VII.    Negligence Against Defendant Lonnie Robert McConnell

9.      Defendants deny the allegations in Paragraph 9, including 9(1) through 9(5). Defendants deny liability as to Plaintiff.

10.     Defendants deny the allegations in Paragraph 10.

**VIII.    Negligence Per Se**

11.     Defendants deny the allegations in Paragraph 11, including 11(1) through 11(2).

12.     Defendants deny the allegations in Paragraph 12.  Defendants deny liability as to Plaintiff.

**IX.    Negligent Entrustment Against Defendant Dave Kuker Trucking, LLC**

13.     Defendants cannot admit or deny the allegations in Paragraph 13.

14.     Defendants cannot admit or deny the allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.  Defendants deny liability as to Plaintiff.

**X.    Negligent Hiring, Training, or Retention Against Defendant Dave Kuker Trucking, LLC**

16.     Defendants deny the allegations in Paragraph 16 (especially as they are written). Defendants deny liability as to Plaintiff.

17.     Defendants deny the allegations in Paragraph 17.  Defendants deny liability as to Plaintiff.

18.     Defendants deny the allegations in Paragraph 18, including 18(a) through 18(c). Defendants deny liability as to Plaintiff.

**XI.    Respondeat Superior Against Defendant Dave Kuker Trucking, LLC**

19.     Defendants deny the allegations in Paragraph 19.  Defendants deny liability as to Plaintiff.

20.     Defendants deny the allegations in Paragraph 20 as to liability.  Defendants, however, admit that Defendant McConnell was within the course and scope of employment. Nevertheless,

Defendants deny liability as to Plaintiff.

21.     Defendants deny the allegations in Paragraph 21 (especially as they are written).
Defendants deny liability as to Plaintiff.

22.     Defendants deny the allegations in Paragraph 22.  Defendants deny liability as to
Plaintiff.

23.     Defendants deny the allegations in Paragraph 23, including 23(1) through 23(7).
Defendants deny liability as to Plaintiff.

**XII.    Damages**

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that this Court has jurisdiction over this matter, given diversity
jurisdiction.  That being said, Defendants deny the allegations in Paragraph 25.  Defendants deny
liability as to Plaintiff.

26.     Defendants deny the allegations in Paragraph 26.  Defendants deny liability as to
Plaintiff.  But Defendants admit that this Court has jurisdiction over this matter, given diversity
jurisdiction.

**XIII.   Notice of Required Disclosures**

27.     Defendants deny the statements/notices/allegations in Paragraph 27 because
Defendants deny the applicability of the Texas Rules of Civil Procedure.

**II.**
**AFFIRMATIVE DEFENSES**

28.     Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and applicable state
law, Defendants allege and will pursue the following affirmative defenses:

        a.      Defendants affirmatively assert that the incident in question was caused, in

whole or in part, or contributed to, by the negligence of Plaintiff and not on the part of these Defendants and these Defendants invoke the doctrine of proportionate responsibility.

      b.    Pleading further, and in the alternative, any recovery Plaintiff may have against these Defendants for the alleged injuries and damages must be proportionally reduced in accordance with the fault of Plaintiff or of third persons or parties over whose conduct these Defendants had no control, consistent with the principles of comparative responsibility.

      c.    Pleading further, and in the alternative, Defendants affirmatively plead that Plaintiff failed to responsibly mitigate his damages.

      d.    Pleading further, and in the alternative, Defendants would state that the occurrence in question and the alleged damages, although such damages are not so acknowledged, was/were the proximate result of an independent, intervening, or superseding causal force, thereby barring recovery against these Defendants.

      e.    Pleading further, and in the alternative, Defendants would urge the Court that the Plaintiff was suffering from pre-existing medical conditions as that term is defined by law at the time of the events made the basis of this lawsuit and Defendants should not be responsible for any damages caused by any pre-existing medical conditions.

      f.    Pleading further, and in the alternative, Defendants hereby plead the limitations on recoverable damages concerning Plaintiff's medical or health care expenses, if any, to the amount actually paid or incurred by or on behalf of the Plaintiff pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code.

      g.    Pleading further, and in the alternative, to the extent that Plaintiff was insured and entitled to health insurance benefits at any time relevant to this suit but chose, instead, to seek

care outside of Plaintiff's approved provider network and/or possibly personally incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff failed to mitigate Plaintiff's damages, pursuant to Section 146.003 of the Texas Civil Practice & Remedies Code. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. TEX. CIV. PRAC. & REM. CODE §146.001, et seq.

   h. Pleading further, and in the alternative, Defendants plead its entitlement to have the jury consider the percentage of fault of all claimants, responsible third parties, and settling persons as required by Section 33.001 *et. seq.* of the Texas Civil Practice & Remedies Code. In accordance with the Texas Civil Practice & Remedies Code, Defendants may not be held jointly and severally liable for any amount of damages herein, *unless* the percentage of responsibility of each defendant, when compared with that of each responsible third party and each settling party, is greater than fifty-percent (50%). TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq.*

   i. Pleading further, and in the alternative, Defendants assert their rights under Section 33.003 of the Texas Civil Practice & Remedies Code, which permits the submission of questions determining the percentage of responsibility of each claimant, each defendant, each settling person, and each responsible third party who has been designated under Section 33.004.

   j. Pleading further, and in the alternative, if any claimant seeks recovery for loss of earnings or loss of earning capacity, the loss must be presented in the form of a net loss after

reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE §18.091(a). If Plaintiff seeks recovery for loss of earnings or loss of earning capacity, the jury should be instructed as to whether any recovery for compensatory damages sought are subject to federal or state income taxes. TEX. CIV. PRAC. & REM. CODE §18.091(b).

      k.    Pleading further, and in the alternative, Defendants reserve the right to further amend this Answer, subject to obtaining leave of this Court, at such time as discovery and investigation have been completed. Defendants reserve the right to file all counterclaims, cross-actions, third-party actions, and other claims/defenses as may be applicable to this case.

### III.
### JURY DEMAND

29.    Defendants request a jury trial pursuant to the Federal Rules of Civil Procedure. The fee for said jury demand is paid with this filing (or else was paid in a prior filing).

### PRAYER

Defendants pray that Plaintiff take nothing by this suit against them. Defendants further request any and all other or further relief, whether general or special, whether arising at law or in equity, whether pled or unpled, to which Defendants may be justly entitled.

      Respectfully submitted,

      HODGE JAMES JILPAS & NICHOLS
      Attorneys at Law
      P.O. Box 534329 (78553)
      1617 E. Tyler Ave., Suite A
      Harlingen, Texas 78550
      Telephone: (956) 425-7400
      Facsimile:  (956) 425-7707

      */s/ Bryan D. Nichols*
      Anthony B. James

State Bar No. 10537300
Federal I.D. No. 3785
Email: ajames@hodgejames.com
Bryan D. Nichols
State Bar No. 24041592
Federal I.D. No. 1047995
Email: bnichols@hodgejames.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on the 29th day of August, 2023, to all attorneys of record via ECF as follows:

Email: alr@gflawoffices.com
Email: gkf@gflawoffices.com
Alyssa L. Romero
George K. Farah
Farah Law Group, PLLC
1211 Hyde Park Blvd.
Houston, Texas 77006

***Attorneys for Plaintiff***

*/s/ Bryan D. Nichols*
Bryan D. Nichols